JAMES R. HAWKINS, APLC
JAMES R. HAWKINS, SBN 192925
GREGORY MAURO, SBN 222239
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel: 949.387-7200
Fax: 949.387-6676
james@jameshawkinsaplc.com
greg@jameshawkinsaplc.com

Attorneys for Plaintiff
LOMEASE MORGAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LOMEASE K. MORGAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARAMARK CAMPUS, LLC, a Delaware Corporation, ARAMARK CAMPUS, INC. a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. SACV08-00412 CJC (RNBx)<br><br>Assigned to Hon. Cormac J. Carney<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF JOINT STIPULATION OF SETTLEMENT AND RELEASE AND DISMISSING ACTION<br><br>Date: November 16, 2009<br>Time: 01:30 p.m.<br>Courtroom: 9B |

DB1/63969017.2

The Court, having considered whether to order final approval of the settlement of the above-captioned action pursuant to the Stipulation of Settlement and Release ("Settlement") filed on or about July 24, 2009, having read and considered all of the papers and argument of the parties and their counsel, having granted preliminary approval on August 12, 2009, having directed that notice be given to all Class Members of preliminary approval of the Settlement and the final approval hearing and the right to be excluded from the Settlement, and having received no objections or opt-outs to the Settlement and good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Terms used in this Judgment and Order of Final Approval have the meanings assigned to them in the Settlement.

2. This Court has jurisdiction over the claims asserted in the Action by Plaintiff Lomease Morgan ("Plaintiff"), and over Class Members and Defendant ARAMARK Campus, LLC ("Defendant").

3. The Court hereby makes final the conditional class certification contained in the Preliminary Approval Order, and thus makes final for purposes of the Settlement only, the certification of a Class whose members consist of all food service employees who were classified by ARAMARK Campus, LLC and/or ARAMARK Campus, Inc. as non-exempt and who work or worked for ARAMARK Campus, LLC and/or ARAMARK Campus, Inc. in California at any time from March 14, 2004 through August 12, 2009 [the date of preliminary approval of the Settlement by the Court].

4. The Court hereby finds that the Notice of Settlement, as mailed to all Class Members by September 10, 2009, fairly and adequately described the proposed Settlement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Settlement Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with

the Federal Rules of Civil Procedure, due process, and all other applicable laws. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval. Accordingly, the Court hereby determines that all Class Members who did not file a timely and proper request to be excluded from the Settlement are bound by this Judgment and Order of Final Approval.

5. The Court hereby finds that the Settlement, including the Maximum Settlement Amount, is fair, reasonable, and adequate as to the Class, Plaintiff and Defendant, and is the product of good faith, arms-length negotiations between the Parties, and further, that the Settlement is consistent with public policy, and fully complies with all applicable provisions of law. The Court makes this finding based on a weighing of the strength of Plaintiff's claims and Defendant's defenses with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough factual and legal investigation. In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement. Specifically, no Class Member objects to the Settlement, and no Class Member has opted out of the Settlement. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class

Member. *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003). The Court also hereby finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23, for the reasons stated in the Preliminary Approval Order. Accordingly, the Court hereby finally and unconditionally approves the Settlement and authorizes Defendant to pay the individual Settlement Payments from the Settlement Pool in accordance with the terms of the Settlement.

6. The Court orders the Parties to implement, and comply with, the terms of the Settlement.

7. The Court approves the settlement of the Released Claims as defined in the Settlement. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released Claims of each Class Member who did not timely opt out, as well as the Class Representative's Released Claims, are and shall be deemed to be conclusively released as against the ARAMARK Releasees (as defined by the Settlement). As of the date of this Judgment and Order of Final Approval, all Class Members who did not timely opt out are bound by the instant Judgment and Order of Final Approval, and the Settlement. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of this Judgment and Order of Final Approval who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively or in any other capacity, that are released by the Settlement against any of the ARAMARK Releasees.

8. Class Counsel, JAMES HAWKINS, APLC, are designated as Class Counsel for the purposes of accomplishing and effectuating the settlement;

9. Defendant agreed in the Settlement not to object to Plaintiff's request for a Service Payment in the amount of $5,000.00 as payment to her for her services as Plaintiff and Class Representative. The Court has considered Plaintiff's request for a Service Payment and, good cause appearing, hereby grants Plaintiff's request

in the amount of $5,000.00 and authorizes Defendant to pay this amount from the Maximum Settlement Amount in accordance with the terms of the Settlement.

10. Defendant further agreed in the Settlement not to oppose any motion by Plaintiff for reasonable attorneys' fees requesting up to 25% of the Maximum Settlement Amount ($150,000.00) and actual litigation expenses incurred by Class Counsel (not to exceed $10,000), to be approved by the Court. The Court has considered Plaintiff's motion for the award of attorneys' fees and costs and, good cause appearing, hereby awards Class Counsel attorneys' fees in the amount of $150,000.00 and costs in the sum of $8,367.38, and authorizes Defendant to pay such amounts from the Maximum Settlement Amount in accordance with the terms of the Settlement.

11. Defendant further agreed in the Settlement to pay from the Maximum Settlement Amount the reasonable costs of the Claims Administrator associated with notices to the Class and the administration of the Settlement and all costs associated with distribution of individual settlement amounts to Class Members. Good cause appearing, the Court hereby authorizes Defendant to pay all such amounts not to exceed the aggregate sum of $28,000.00 from the Maximum Settlement Amount, in accordance with the terms of the Settlement.

12. Neither the Settlement nor any of the terms set forth in the Settlement constitute an admission by the Defendant, or any of the other ARAMARK Releasees, of liability to the Plaintiff or any Class Member; nor does this Judgment and Order of Final Approval constitute a finding by the Court of the validity of any of the claims alleged in the Action, or of any liability of the Defendant or any of the other ARAMARK Releasees. Neither the making of nor entering into the Settlement constitutes an admission by the ARAMARK Releasees; nor is this Judgment and Order of Final Approval a finding of the validity of any claims in the Action or of any other wrongdoing. Further, the Settlement is not a concession and shall not be used as an admission of any wrongdoing, fault or omission of any


1. entity or persons; nor may any action taken to carry out the terms of the Settlement
2. be construed as an admission or concession by or against the ARAMARK
3. Releasees. Evidence of the making or entering into the Settlement shall not be
4. offered or received into evidence in any action or proceeding against any party
5. hereto in any Court, or other tribunal for any purpose, other than to enforce the
6. instant Order of Final Approval, the instant Judgment, or the Settlement, or to
7. support a defense by the ARAMARK Releasees of res judicata, collateral estoppel,
8. release, good faith settlement, judgment bar or reduction.
9.     13.    The Court hereby grants final approval of the Settlement and, in
10. accordance with the terms of the Settlement, hereby enters judgment approving the
11. terms of the Settlement and ordering that the Action be dismissed in accordance
12. with the Settlement. The Action is dismissed on the merits with prejudice on a
13. class-wide basis. The Class Representative's Released Claims, as set forth in the
14. Settlement, are dismissed on the merits with prejudice.
15.     14.    Without affecting the finality of this Judgment and Order of Final
16. Approval, the Court retains exclusive and continuing jurisdiction over the Action,
17. Plaintiff, all Class Members and Defendant, for purposes of supervising,
18. implementing, interpreting and enforcing this Judgment and Order of Final
19. Approval and the Settlement. Nothing in this Judgment and Order of Final
20. Approval precludes any action to enforce the Parties' obligations under the
21. Settlement or under this Judgment and Order of Final Approval.
22. //
23. //
24. //
25. //
26. //
27. //
28. //

15. If the Settlement does not become final and effective in accordance with the terms of the Settlement, this Judgment and Order of Final Approval and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

**IT IS SO ORDERED.**

Dated: November 16, 2009

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

DB1/63969017.2

7